NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, N.A. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

1. File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Phelan Hallinan Diamond & Jones, PC | MARIE-ANN GREENBERG, Trustee |
| 400 Fellowship Road, Suite 100 | 30 TWO BRIDGES ROAD, SUITE 330 |
| Mt. Laurel, NJ 08054 | FAIRFIELD, NJ 07004 |

2. Attend the hearing scheduled to be held on 10/26/2016 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: October 6, 2016

/s/ James  P. Shay
James  P. Shay, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 41326
Fax: 856-813-5501
Email: james.shay@phelanhallinan.com

File No. 779231
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, N.A.

| In Re: | UNITED STATES BANKRUPTCY COURT |
|---|---|
| EMMANUEL C BAYNOSA | FOR THE DISTRICT OF NEW JERSEY |
| | NEWARK VICINAGE |
| | Chapter 13 |
| Debtor | Case No. 16-23036 - SLM |
| | Hearing Date: 10/26/2016 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, N.A., the holder of a Mortgage on debtor's residence located at 2087 JOHN F. KENNEDY BLVD, JERSEY CITY, NJ 07305 hereby objects to the Confirmation of the debtor's proposed Chapter 13 Plan on the following grounds:

1. Movant is WELLS FARGO BANK, N.A.

2. Debtors, EMMANUEL BAYNOSA are the owners of the property located at 2087 JOHN F KENNEDY BLVD, JERSEY CITY, NJ 07305.

3. On October 3, 2016, Movant filed Proof of Claim listing pre-petition arrears in the amount of $12,801.64. A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

5. Debtor's Plan does not provide for payment of arrears to Movant. A copy of the Debtor's Plan is attached hereto as Exhibit "B" and made a part hereof.

6. The Debtor lists his primary address on his bankruptcy petition as 16 BEACON AVENUE, JERSEY CITY, NJ 07306. Movant is the first lien holder of the property located at 2087 JOHN F KENNEDY BLVD, JERSEY CITY, NJ 07305. Debtor lists the 2087 JOHN F KENNEDY BLVD, JERSEY CITY, NJ 07305 property under Part 4, Section

A to be paid in full through the Plan. The Debtor does not list the total amount to be paid through the Plan.

7.	Movant objects to Debtor's Plan as it is underfunded. Debtor's Plan should be amended to fully fund the arrears owed to Movant. Confirmation of Debtor's proposed Plan should be denied.

WHEREFORE, WELLS FARGO BANK, N.A. respectfully requests that the Confirmation of Debtor's Plan be denied.

/s/ James P. Shay
James P. Shay, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 41326
Fax: 856-813-5501
Email: james.shay@phelanhallinan.com

Dated: October 6, 2016

# **Exhibit [A]**

**Fill in this information to identify the case:**

Debtor 1  Emmanuel C Baynosa

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Main District of New Jersey

Case number  1623036

Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Official Form 410
# Proof of Claim

04/16

---

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Wells Fargo Bank, N.A.

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

[X] No
[ ] Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y

Name
1000 Blue Gentian Road
Number     Street
Eagan    MN    55121-7700
City               State    ZIP Code

Contact phone   800-274-7025

Contact email   POCNOTIFICATIONS@WELLSFARGO.COM

Where should payments to the creditor be sent? (if different)

Wells Fargo Bank, N.A.
Attention: Payment Processing
MAC# X2302-04C

Name
1 Home Campus
Number     Street
Des Moines IA 50328
City               State    ZIP Code

Contact phone   800-274-7025

Contact email   POCNOTIFICATIONS@WELLSFARGO.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
W F C M G E 1 6 2 3 0 3 6 N J M 1 9 0 8 2 8 9 5

---

Official Form 410                              **Proof of Claim**                              page 1

| | | | |
|---|---|---|---|
| 4. | **Does this claim amend one already filed?** | [X] No  <br> [ ] Yes. Claim number on court claims registry (if known) _____ Filed on _____  <br> MM/DD/YYYY | |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | [X] No <br> [ ] Yes. Who made the earlier filing? _____ | |

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | [ ] No <br> [X] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 2895 |
| 7. | **How much is the claim?** | $ 498,845.78        **Does this amount include interest or other charges?** <br> [ ] No <br> [X] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as healthcare information. <br><br> Money Loaned |
| 9. | **Is all or part of the claim secured?** | [ ] No <br> [X] Yes.   The claim is secured by a lien on property. <br><br> **Nature of property:** <br> [X] Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> [ ] Motor vehicle <br> [ ] Other. Describe:    2087 JOHN F KENNEDY BLVD  JERSEY CITY NJ 07305-1514 <br><br> **Basis for perfection:**    Recorded Mortgage/Deed of Trust <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:**                                    $ _____ <br> **Amount of the claim that is secured:**          $ 498,845.78 <br> **Amount of the claim that is unsecured:**      $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:**   $ 12,801.64 <br><br> **Annual Interest Rate** (when case was filed)  4.25 % <br> [X] Fixed <br> [ ] Variable |
| 10. | **Is this claim based on a lease?** | [X] No <br> [ ] Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____ |
| 11. | **Is this claim subject to a right of setoff?** | [X] No <br> [ ] Yes. Identify the property: _____ |

Official Form 410                                **Proof of Claim**                                page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor.s business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | | * Amounts are subject to adjustment on 4/1/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/03/2016
                  MM / DD / YYYY

_/s/ Shelby A Lawrence_
Signature

**Print the name of the person who is completing and signing this claim:**

Name:

  Shelby                          A                          Lawrence
  First name                      Middle name                Last name

Title    Vice President Loan Documentation
Company  Wells Fargo Bank, N.A.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address
         Number    Street

         City                              State    ZIP Code

Contact phone
Email

Official Form 410    **Proof of Claim**    page 3

**Mortgage Proof of Claim Attachment** (12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

### Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 1623036 |
| Debtor 1: | Emmanuel C Baynosa |
| Debtor 2: | |
| Last 4 digits to identify: | 2895 |
| Creditor: | See 410 part 1.1 |
| Servicer: | Wells Fargo Bank, N.A. |
| Fixed accrual/daily simple interest/other: | Fixed Accrual |

### Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 492,616.95 |
| Interest due: | 3,897.17 |
| Fees, costs due: | 0.00 |
| Escrow deficiency for funds advanced: | 2,331.66 |
| Other: | 0.00 |
| Less total funds on hand: − | 0.00 |
| Total debt: | 498,845.78 |

*Not to be used for payoff purposes

### Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 4,506.09 |
| Prepetition fees due: | 0.00 |
| Escrow deficiency for funds advanced: | 2,331.66 |
| Projected escrow shortage: | 5,963.89 |
| Other: | 0.00 |
| Less funds on hand: − | 0.00 |
| Total prepetition arrearage: | 12,801.64 |

### Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 1,502.03 |
| Monthly escrow: | 1,052.02 |
| Private mortgage insurance: | 0.00 |
| Optional Products: | 0.00 |
| Total monthly payment: | 2,554.05 |

*Additional changes to the monthly payment amount may be required because interest rate adjustments or escrow requirement changes.

### Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 05/01/2016 | | | | Beginning Balances | 05/01/2016 | 0.00 | | | | | | 492,616.95 | 0.00 | -2,331.66 | 0.00 | 0.00 |
| 05/01/2016 | 2,554.05 | | | Monthly payment | 05/01/2016 | 2,554.05 | | | | | | 492,616.95 | 0.00 | -2,331.66 | 0.00 | 0.00 |
| 06/01/2016 | 2,554.05 | | | Monthly payment | 05/01/2016 | 5,108.10 | | | | | | 492,616.95 | 0.00 | -2,331.66 | 0.00 | 0.00 |
| 07/01/2016 | 2,554.05 | | | Monthly payment | 05/01/2016 | 7,662.15 | | | | | | 492,616.95 | 0.00 | -2,331.66 | 0.00 | 0.00 |
| 07/06/2016 | | | | Bankruptcy Filed | 05/01/2016 | 7,662.15 | | | | | | 492,616.95 | 0.00 | -2,331.66 | 0.00 | 0.00 |

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed.  The Promissory note is either made payable to creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

**Additional Disclaimers (where applicable)**

**410**

**Part 2:** Question 9-Describe contains the property address and may contain a description for "Other".

**410A**

**Part 1:**

Full creditor name cannot be displayed due to space limitation, see 410 part 1.1 for full name.

**Part 2:**

Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.

Interest Due is the interest due as of the Bankruptcy File Date.

Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date.  Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow deficiency for funds advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Other includes any applicable Private Mortgage Insurance, other Optional Products (i.e. A & H, Life) or Deferred Interest, where applicable, due as of the Bankruptcy File Date. This line was added to ensure transparency.

Less Total Funds on hand is the total of Part 5, Column O (if positive balance) and Q as of the Bankruptcy File Date.

Total Debt not to be used for payoff purposes.

**Part 3:**

Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition principal and interest amounts).

Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow Deficiency for Funds Advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Projected Escrow Shortage is the Escrow Required from the escrow analysis minus a positive escrow balance as of the Bankruptcy File Date.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition escrow amounts).

Other includes any applicable Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency.  (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition Optional Product amounts).

Less Funds on Hand is from Part 5, column Q as of the Bankruptcy File Date.

**Part 4:**

Optional Products includes any applicable optional products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.

(*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically throughout the life of the loan.

**Part 5:**

If any of the transactions in the loan payment history contain amounts for optional products, the amount for that product will be reflected in either the Contractual payment amount or the Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described below.

Column G In addition to the items listed, this also includes any past due PMI or optional products (i.e. A & H, Life) amounts, as applicable. Optional product (i.e. A & H, Life) amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.

Column J includes taxes, insurance and MIP/PMI as applicable.

Column N will only be populated if the loan is Daily Simple Interest or if Deferred Interest exists on the account.

Column O includes taxes, insurance and MIP/PMI as applicable.

# **Exhibit [B]**

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2016 SEP 14 AM 10:...

JAMES J WALDRON

BY: [signature]
DEPUTY CLERK

Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:
Emmanuel C. Baynosa

Case No.: 16-23036-SCM

Judge: Meisel

Chapter: 13

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original          ☐ Modified/Notice Required          ☒ Discharge Sought

☐ Motions Included  ☐ Modified/No Notice Required       ☐ No Discharge Sought

Date: 9/13/2016

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ 3791.38 per month to the Chapter 13 Trustee, starting on October 1, 2016 for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

1

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: Mortgage on 16-18 Beacon Avenue, Jersey City, NJ 07306
Proposed date for completion: ___November 15, 2016___

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
|  |  |  |

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

2

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bradshaw Properties, LLC | 12 Beacon Avenue Mortgage | $25,500.00 | 3.9432% | 0 | $1700.00 |

### b. Modification

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

3

#### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

#### e. Secured Claims to be Paid in Full Through the Plan:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| CitiMortgage, Inc. Wells Fargo Bank, NA | 16-18 Beacon Ave. Jersey City, NJ 07306 2087 Kennedy Boulevard | $183,840 |

### Part 5: Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

4

| Part 7: | Motions |
|---|---|

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

5

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☐ Upon confirmation

☒ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions

2) _____

3) _____

4) _____

**d. Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

6

| Part 10: | Sign Here |

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: _____

_____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 9/13/16

_____
Debtor

Date: _____

_____
Joint Debtor

7

```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

779231
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for WELLS FARGO BANK, N.A.

In Re:

EMMANUEL C BAYNOSA

Case No: 16-23036 - SLM

Hearing Date: 10/26/2016

Judge: STACEY L. MEISEL

Chapter: 13

# CERTIFICATION OF SERVICE

1. I, Shannon N. Ettl:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, N.A. in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On October 7, 2016 I sent a copy of the following pleadings and/or documents to the parties listed below:

   Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.


Dated: October 7, 2016                    /s/ *Shannon N. Ettl*
                                              Shannon N. Ettl

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| EMMANUEL BAYNOSA<br>2087 JOHN F KENNEDY BLVD<br>JERSEY CITY, NJ 07305 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>  (as authorized by the court *) |
| EMMANUEL BAYNOSA<br>16 BEACON AVENUE<br>JERSEY CITY, NJ 07305 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>  (as authorized by the court *) |
| PRO SE | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>  (as authorized by the court *) |
| MARIE-ANN GREENBERG, TRUSTEE<br>30 TWO BRIDGES ROAD, SUITE 330<br>FAIRFIELD, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>  (as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

2